JjMAX N. TOBIAS, JR., Judge.
The relators, Constitution State Service, L.L.C. (“Constitution”) and Travelers Life and Annuity (“Travelers”), seek review of a judgment denying their motion for summary judgment. We granted the writ of certiorari and docketed the case for briefing and oral argument in order to ascertain and clarify the issues. For the reasons below, we reverse the trial court, enter judgment in favor of Constitution and Travelers and dismiss the suit against them with prejudice.
On 30 July 2001, the plaintiff, Richard A. Tonry, P.L.C. (hereinafter, “Tonry P.L.C.”), filed a petition for breach of contract and theft by fraud against Terry E. Ballon, a former client of Richard A. Tonry (hereinafter, “Tonry”), Constitution, and Travelers. The plaintiff alleges that on 28 June 1990, Tonry settled a case for Mr. Ballon. The settlement agreement called for Mr. Ballon to be paid $17,000.00 on 28 June 1990 and $10,000.00 more on 30 August 2000. The plaintiff alleges that Tonry was to receive a fee of $3,333.34 out of the latter $10,000.00.
The plaintiff further contends that on 5 July 1990, Mr. Ballon asked Tonry to purchase Mr. Ballon’s “annuity of $10,000 due August 30, 2000, as he desperately needed money.” Tonry purchased the annuity for $1,200.00 cash and the | ^forgiveness of $1,750.00 attorney’s fees due and owing to Tonry for the handling of additional legal matters for Mr. Ballon.[1]
On 5 July 1990, Tonry’s apparent law partner, Michael C. Ginart, Jr., mailed a letter to Mr. James L. Currie of Constitution and attached a copy of the alleged agreement conveying Mr. Ballon’s interest in the annuity to Tonry. The plaintiff alleges that Mr. Ballon subsequently contacted Travelers and requested that the $10,000.00 check be mailed directly to him.
On 30 August 2000, Travelers mailed the $10,000.00 check to Mr. Ballon, who cashed the check and failed to give any of the proceeds to Tonry or the plaintiff. Averring that Constitution and Travelers failed to honor the agreement, the plaintiff seeks damages, attorney’s fees, costs and penalties against all the defendants.[2]
In response to the suit, the relators filed a motion for summary judgment seeking dismissal of the action against them. The relators argue that their only obligation was to pay Mr. Ballon pursuant to the terms of the settlement agreement with him, which specifically denied to Mr. Bal-lon the right to “transfer, assign, mortgage or otherwise encumber in advance any payment” due under the agreement. Because the assignment from Mr. Ballon to Tonry is without legal effect, the relators contend that no issue of material fact exists and they are entitled to judgment as a matter of law.
In interpreting contracts, we are guided by the general rules contained in *881 articles 2045-2057 of the Louisiana Civil Code. The first rule is set forth in La. Cj3C. art.2045, which states that the interpretation of a contract is the determination of the common intent of the parties. To ascertain the parties’ intent, the court must first look to the words and provisions of the contract. Amend v. McCabe, 95-0316 (La.12/1/95), 664 So.2d 1183. When the words of a contract are clear, explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent. La. C.C. art.2046.
The meaning and intent of the parties to a written instrument is ordinarily determined from the four corners of the instrument, and extrinsic (parol) evidence is inadmissible either to explain or to contradict the terms of the instrument. Ortego v. State, DOTD, 96-1322 (La.2/25/97), 689 So.2d 1358. Thus, the general rule which applies to contracts is that extrinsic evidence is admissible only “when the terms of a written contract are susceptible to more than one interpretation, or there is uncertainty or ambiguity as to its provisions, or the intent of the parties cannot be ascertained from the language employed.” Brown v. Drillers, Inc., 93-1019 (La.1/14/94), 630 So.2d 741, 748. Contracts, subject to interpretation from the instrument’s four corners without the necessity of extrinsic evidence, are to be interpreted as a matter of law, and the use of extrinsic evidence is proper only where a contract is ambiguous after examination of the four corners of the agreement. Amoco Production Co. v. Fina Oil & Chemical Co., 95-1185, p. 12 (La.App. 1 Cir. 2/23/96), 670 So.2d 502, 511.
We have reviewed the entire record as part of our de novo review of the trial court’s denial of the motion for summary judgment an'd find the absence of an issue of material fact. The Receipt, Release, and Indemnity Agreement clearly and [ unambiguously prohibited the assignment by Mr. Ballon to Tonry or anyone else. The relators fulfilled their obligation under the agreement by paying $10,000.00 to Mr. Ballon on 30 August 2000, which is precisely what the case settlement documents directed. Whether Mr. Ballon owed some of that money to.Tonry or Tonry P.L.C. is not the concern of the relators; that is matter between Mr. Ballon and Tonry and/or Tonry P.L.C., which is not before us.
Accordingly, we grant the summary judgment filed by Constitution State Service, L.L.C. and Travelers Life and Annuity and dismiss Tonry P.L.C.’s claim against them with prejudice. The matter is remanded to the trial court for further proceedings.
JUDGMENT REVERSED AND RENDERED; REMANDED FOR FURTHER PROCEEDINGS.

. Tonry P.L.C. was apparently incorporated subsequent to the settlement of Mr. Ballon’s case. The record before us does not reflect that Tonry further assigned or transferred the interest in the annuity that Mr. Ballon assigned and transferred to Tonry.

. In addition, criminal charges were filed against Mr. Ballon, who was apparently incarcerated as of 25 February 2002 in connec- , tion with Mr. Ballon’s cashing of the $10,000.00 check.