# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 03-1522


**JULIAN C. LEBLANC, OVEY LEBLANC, ET AL.**

**VERSUS**

**STATE FARM INS. CO., ET AL.**


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 89,339
HONORABLE KEITH RAYNE JULES COMEAUX, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


**JOHN D. SAUNDERS**
**JUDGE**


\*\*\*\*\*\*\*\*\*\*


Court composed of John D. Saunders, Billie Colombaro Woodard, and Michael G. Sullivan, Judges.


**AFFIRMED.**

**Julius Willis Grubbs  Jr.**
**Haik, Minvielle & Grubbs**
**P. O. Box 11040**
**Iberia, La 70562-1040**
**(337) 365-5486**
**Counsel for: Defendant Appellee**
     **State of LA., DOTD**

**Dennis Ray Stevens**
**Gibbens & Stevens**
**222 W. St. Peter**
**New Iberia, LA 70560**
**(337) 367-8451**
**Counsel for: Defendants/Appellees**
     **Timothy Edler**
     **Rebecca Edler**
     **Standard Fire Ins. Co.**

**Michael G. Daiy**
**Toce & Daiy**
**P. O. Box 2716**
**Lafayette, LA 70502-2716**
**(337) 233-6818**
**Counsel for: Intervenor/Appellee**
        **Toce & Daiy Law Firm**

**Andre F. Toce**
**Attorney at Law**
**P. O. Box 2716**
**Lafayette, LA 70502-2716**
**(337) 233-6818**
**Counsel for: Intervenor/Appellee**
        **Toce & Daiy Law Firm**

**Stacy Skolfield Lee**
**Attorney at Law**
**400 E. Kaliste Saloom, #1400**
**Lafayette, LA 70508**
**(337) 291-1743**
**Counsel for: Defendant Appellee**
        **Allstate Ins. Co.**

**Barry Louis Domingue**
**Simon Law Offices**
**P. O. Box 52242**
**Lafayette, LA 70505**
**(337) 232-2000**
**Counsel for: Plaintiff Appellant**
        **Julaine C. LeBlanc**
        **Ovey LeBlanc**

**Charles Martin Kreamer**
**Allen & Gooch**
**1015 St. John Street**
**Lafayette, LA 70502-3768**
**(337) 291-1000**
**Counsel for: Secondary Defendants/Appellants**
        **Conn Appliances, Inc.**
        **U. S. Fire Ins. Co.**
        **North Rivers Insurance Co.**

**Shane Errol Romero**
**Attorney at Law**
**P. O. Box 10337**
**New Iberia, LA 70562-0337**
**(337) 365-6628**
**Counsel for: Defendant/Appellee**
        **Iberia Parish Government**

**SAUNDERS, Judge.**

Plaintiffs, Julaine LeBlanc and Ovey LeBlanc, appeal the judgment of the trial court granting, in part, the defendants' Motions to Compel Enforcement of Settlement and Execution of Settlement Documents and Demand for Defense and Indemnification, filed by the Conn's defendants, and adopted by the other defendants. Plaintiffs also appeal the trial court's judgment that the Mediation Settlement Agreement executed on March 24, 2003 is an enforceable settlement which the court ordered enforced, but without the need for the plaintiffs to sign any additional documents. Additionally, the LeBlancs appeal the trial court's ruling denying their Motion for a New Trial and finding it moot in light of its ruling on the Motions to Compel. We affirm.

## FACTS

On Wednesday, July 30, 1997, Julaine LeBlanc was driving in a southerly direction on Louisiana Highway 86. Paul Julien, while acting in the course and scope of his employment with Conn's Appliances, Inc., made a left turn into Louisiana Highway 86 from the private driveway of Timothy and Rebecca Edler without yielding to Ms. LeBlanc. Ms. LeBlanc's vehicle struck Mr. Julien's vehicle.

As a result of the accident, a lawsuit was filed for personal injuries on behalf of Julaine LeBlanc on July 30, 1998, and a consortium claim was made on behalf of Ms. Leblanc's husband, Ovey LeBlanc, and on behalf of Dustin Courrege.[1] Named as defendants in the original and/or subsequent amending petitions were the driver, Paul B. Julien, his liability insurer, State Farm Mutual Automobile Insurance Company ("State Farm"), Conn's Appliances, Inc. ("Conn's") and its liability

---

[1]Plaintiffs dismissed the claims of Dustin Courrege, with prejudice, because he is not the child of either plaintiff and was not within the formal custody of either plaintiff.

insurers, North River Insurance Company ("North River") and U.S. Fire Insurance Company ("U.S. Fire"),  Tim and Rebecca Edler and their insurer The Standard Fire Insurance Company ("Standard Fire"),  as well as the State of Louisiana, Department of Transportation and Development ("DOTD") and Iberia Parish Government.

Following much litigation in this matter, the parties agreed to participate in a mediation conference in the hopes of settling the lawsuit.  The mediation conference was held on March 24, 2003.  All parties were present or represented.  Mr. LeBlanc was not present at the mediation, but at the time of the mediation he and his wife were both represented by Mr. André Toce, who was present at the mediation.  At the mediation on March 24, 2003, all parties present signed a "Mediation Settlement Agreement."  The terms of the agreement were as follows:

1) Conn's, North River, and U.S. Fire agreed to pay the plaintiffs $320,000.00;

2) DOTD agreed to pay the plaintiffs $50,000.00;

3) Iberia Parish Government agreed to pay $10,000.00; and

4) Tim and Rebecca Edler and Standard Fire agreed to pay the plaintiffs $15,000.00.

As of the date of the mediation, State Farm had already paid the plaintiffs $25,000.00, the limit of its policy, for its underlying policy on the personal vehicle of Conn's employee, Mr. Julien.  Therefore, the total settlement proceeds to the LeBlancs were $420,000.00.  In addition to the financial settlement, the Mediation Settlement Agreement contained defense and indemnity language stating that the settlement "includes consortium claims of Mr. LeBlanc and plaintiff to defend and to hold harmless the defendants as to same and indemnify as to consortium claims."  The agreement also stated: "The parties also agree that all claims will be dismissed with prejudice, and the parties agree that a formal settlement agreement will be executed

2

at a later date." In addition, it was a term of the agreement that DOTD's settlement with the LeBlancs would be in the form of a Consent Judgment. A Consent Judgment regarding DOTD's settlement was signed and filed with the Iberia Parish Clerk of Court on March 25, 2003. A Voluntary Motion and Order to Dismiss Claims of Ovey LeBlanc was signed by Mr. LeBlanc, ordered by Judge Keith R. J. Comeaux, and filed with the Iberia Parish Clerk of Court's office on March 25, 2003. As set forth in the agreement, all parties agreed that a formal settlement agreement would be executed at a later date.

On April 1, 2003, Charles Kreamer, Sr., attorney for Conn's, North River, and U.S. Fire, faxed a letter to all parties with draft settlement documents attached, requesting notification by the parties of any necessary revisions. On the afternoon of April 1, 2003, Mr. Kreamer received a letter from Barry L. Domingue stating that his services had been retained by the LeBlancs, that Mr. Toce had been terminated by the LeBlancs, and that there was no settlement of this matter.

On April 2, 2003, all defendants received a letter from Mr. Toce, addressed to Mr. Domingue, which contained a copy of the settlement agreement, the Voluntary Motion and Order to Dismiss signed by Ovey LeBlanc, the Consent Judgment on behalf of DOTD, and that advised that a Motion to Enforce Settlement Agreement would be filed and the settlement funds deposited in the registry of the court.

On April 7, 2003, Conn's, North River, and U.S. Fire filed a "Motion to Compel Enforcement of Settlement and Execution of Settlement Documents and Demand for Defense and Indemnification." A similar motion was filed by the Iberia Parish Government, Timothy and Rebecca Edler, and Standard Fire on April 7, 2003. On April 7, 2003 plaintiffs filed a Motion for New Trial.

A hearing on these motions took place May 2, 2003, in front of Judge

Comeaux. The trial court held that the signed Mediation Settlement Agreement was a valid and enforceable compromise as per La.Civ.Code. art. 3071, and denied plaintiff's Motion for New Trial. On May 27, 2003, a hearing was held formulating a final judgment with regard to the trial court's May 2, 2003 ruling. A Judgment on Rule was signed May 27, 2003.

The LeBlancs present two assignments of error for our review.

1) That the trial court committed reversible error in finding that a binding settlement agreement existed between the parties.

2) That the trial court committed reversible error in denying plaintiff's Motion for New Trial where plaintiff's prior attorney had no authority to enter the Consent Judgment or the Voluntary Motion and Order to Dismiss Claims of Ovey LeBlanc, and where the signature on the Motion purported to be that of Ovey LeBlanc, was, in fact, not the signature of Ovey LeBlanc.

At the hearing on the Motion for New Trial and the Motions to Enforce, the trial judge stated:

> The court finds that Exhibit A is a mediation settlement agreement executed by Julaine LeBlanc, Dennis Stevens, Julius Grubbs, Attorney for State of Louisiana, Dennis Stevens, Attorney for Tim and Rebecca Edler and Standard Fire, by Charles Kreamer, Attorney for Conn's, by Shane Romero, Attorney for Iberia Parish Government, and by Andre Toce on behalf of Ms. Julaine LeBlanc. The settlement states that the parties agree to settle all claims they have or may have in the above captioned matter in exchange for the payment of a certain amount including all special damages. In exchange for the payment referenced above, the parties agree that this will be a full and complete release of all claims against the defendants and that the plaintiffs will agree to hold harmless indemnifying defendants from and against all claims, liens, and privileges asserted by and on behalf of any health care providers, Medicare, Medicaid, and they further agree the split on how money is to be paid, when money is to be paid, and all parties will pay their own court costs. It settles the whole claim of the plaintiff. I don't see that any other writing is needed. I don't see that any other transaction is needed. I find that there has been a compromise to this litigation, and I enforce the compromise.

## LAW AND ARGUMENT

The requirements for the valid settlement of a lawsuit are provided in

4

La.Civ.Code. art. 3071, which states:

> A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.

> This contract must be either *reduced into writing* or recited in open court and capable of being transcribed from the record of the proceeding. The agreement recited in open court confers upon each of them the right of judicially enforcing its performance, although its substance may thereafter be written in a more convenient form.

(Emphasis added).

*LeBlanc's Assignment Number 1*

The LeBlancs do not dispute that Ms. LeBlanc's signature appears on the Mediation Settlement Agreement, or that Ms. LeBlanc actually did sign the document. They argue, however, that the agreement signed at the mediation conference is not a legally binding compromise as specified in La.Civ.Code art. 3071. The LeBlanc's also allege that Ms. LeBlanc signed the Mediation Settlement Agreement under threats and coercion by her attorney Mr. Toce. Furthermore, they note the existence of the statement in the agreement that "a formal settlement agreement will be executed at a later date." The LeBlancs argue that La.Civ.Code art. 1947 states: "When, in the absence of a legal requirement, the parties have contemplated a certain form, it is presumed that they do not intend to be bound until the contract is executed in that form." As the agreement specified that a formal settlement would be prepared for signing by the parties, they claim there was no legally binding settlement until that formal settlement was signed by the parties. They argue the existence of such a condition indicates that the parties did not intend this agreement to be a legally binding settlement.

The plaintiffs also argue that the very fact the defendants filed motions to

5

compel execution of a settlement agreement indicates that the defendants were, themselves, confused as to the existence of a binding and enforceable settlement agreement. The LeBlancs allege that the defendants' need to compel the "execution of the settlement documents" indicates that no valid compromise existed.

The defendants counter that they were never in any doubt as to the existance of a valid and enforceable compromise. Their need to compel execution of the legally binding compromize enacted at the March 24, 2003 mediation conference was merely the result of Ms. LeBlanc's failure to fulfill the obligation she undertook by signing the Mediation Settlement Agreement. As a result of her unwillingness to perform that to which she had agreed, it was necessary for the defendants in this matter to obtain an order to compel her to abide by the terms of the agreement. The defendants argue that the formal settlement agreement referenced in the Mediation Settlement Agreement was merely a formality and an additional safeguard, and Ms. LeBlanc is bound by her consensual agreement to the terms set forth in the Mediation Settlement Agreement.

The defendants point to a factually similar case decided by the fourth circuit. In *Walk Haydel & Assoc. v. Coastal Power Production Co.*, 98-193, p. 3-4 (La.App. 4 Cir. 9/30/98), 720 So.2d 372, 373-74, the court upheld an agreement signed by parties participating in a mediation, stating:

> This Court has held that a compromise is valid if there is a meeting of the minds of the parties as to exactly what they intended when the compromise was reached. *Pat O'Brien's Bar, Inc. v. Franco's Cocktail Prods., Inc.*, 615 So.2d 429 (La.App. 4th Cir.1993), *writ denied*, 617 So.2d 909 (La.1993). In the instant case the parties were involved in a full day of mediation at the end of which they signed a memorandum of settlement which contained several handwritten terms upon which the parties had agreed. *The fact that a whole day of negotiations was capped off by the signing of a document which memorialized the agreement between the parties signifies that there had been a meeting of the minds. Otherwise the document would not have been signed, particularly*

6

*considering who signed.*

We must also determine whether this document was sufficient to constitute a legally binding and enforceable agreement. "The only formal essential for a compromise is a writing." *Audubon Ins. Co. v. Farr*, 453 So.2d 232, 234 (La.1984). This Court has said "there is no sacrosant form which must be followed" and "it is not necessary that everything intended to be compromised be in one document." *Charbonnet v. Ochsner*, 236 So.2d 86, 88 (La.App. 4th Cir.1970), *aff'd*, 258 La. 507, 246 So.2d 844 (La. 1971). In the instant case, we have a writing and although its terms are handwritten and may encompass less than all the issues between the parties, this does not negate its enforceability. The document in question was in writing and evidenced a meeting of the minds. This Court has stated that a party's signature on a contract establishes the presumption that he saw and understood the terms of the contract. *Barcelona v. Sea Victory Maritime, Inc.*, 619 So.2d 741 (La.App. 4th Cir.1993), *writ denied*, 626 So.2d 1179 (La.1993). Therefore, it is our opinion that the "memorandum of settlement" is a legally binding agreement.

(Emphasis added).

The trial court agreed with the fourth circuit's interpretation of what constitutes a binding and enforceable agreement. The LeBlancs cite *Anthony v. Liberty Mutual Ins. Co.*, 99-1730 (La.App. 3 Cir. 4/5/00), 759 So.2d 910, and *Soileau v. Allstate Ins. Co.*, 03-120 (La.App. 3 Cir. 10/15/03), 857 So.2d 1264, *writ denied*, 03-3170 (La. 2/6/04), __ So.2d ___, 2004 WL 319195, as support for their contention that, within this circuit the agreement to reach a settlement, which at most is what they claim the March 24, 2003 Mediation Settlement Agreement actually was, is not a valid, legally binding compromise as required by La.Civ.Code art. 3071.

The defendants note that *Anthony* and *Soileau* are easily distinguishable from the present matter in that the "settlement agreements" relied upon in those cases involved the exchange of vague and arguably unprecise letters between counsel, without participation by any clients, as being the alleged writings conferring a

7

settlement.[2]  In the present matter, the Mediation Settlement Agreement contains specific terms and conditions and was executed by the parties and their counsel after a full day of mediation.

We find no error in the trial court's determination that the Mediation Settlement Agreement signed by the parties is a valid and legally binding compromise as provided within the terms of La.Civ.Code. art. 3071.  By the clear language of the statute, this Mediation Settlement Agreement signed by the parties to this suit constitutes a legal and binding compromise.  There was absolutely no evidence presented by the LeBlancs to support their contention that Ms. LeBlanc signed the agreement under threat or coercion by her attorney, or against her free will.  For the reasons stated above, this assignment of error is without merit.  We affirm the finding of the trial court that the Mediation Settlement Agreement constitutes a meeting of the minds of all parties who signed it, and therefore is legally binding on the LeBlancs.

*LeBlanc's Assignment 2*

The LeBlanc's allege that their prior attorney, Mr. Toce, had no authority, either express or implied, to file the Consent Judgment or the Voluntary Motion and Order to Dismiss Ovey LeBlanc's claims.  They allege that their consent was not obtained or freely given with respect to those documents, and that the signature appearing on the Voluntary Motion and Order to Dismiss was not the signature of Ovey LeBlanc.

The defendants note that the trial judge found the Mediation Settlement

---

[2]One judge on the panel in *Soileau* felt that the letters exchanged were sufficiently precise to create a binding agreement to settle, namely the writing judge in this matter, however the majority disagreed.  Despite the disagreement among the panel members, the writing judge finds the facts in the present matter are sufficiently distinguishable from *Soileau*, and the majority's opinion in that case does not preclude our finding that a valid compromise was created in this instance.

Agreement valid and legally binding, and therefore, by one of the specific terms of the agreement signed by Ms. LeBlanc, her attorney had express authority to file the Consent Judgment with respect to Ms. LeBlanc's claims against DOTD. Ms. LeBlanc's signature appears on the Mediation Settlement Document which declares that a consent judgment will be entered as to the agreement between DOTD and Ms. LeBlanc. By Ms. LeBlanc's own admission, Mr. Toce was her attorney until April 1, 2003, several days after the Consent Judgment and Voluntary Dismissal were filed at the Iberia Parish Cerk of Court. The defendants argue that Mr. Toce clearly had, not only implied authority to undertake these actions, but express authority to file the Consent Judgment with the court.

The defendants also note that the LeBlancs present no evidence to support their contention that the signature appearing on the Voluntary Motion and Order to Dismiss Claims of Ovey LeBlanc is not the signature of Mr. LeBlanc. Therefore, the LeBlancs have completely failed to meet their burden of proof and the trial court did not err when it decided that the Consent Judgment and the Voluntary Dismissal were enforceable.

We agree with the defendants. Ms. LeBlanc's signature on the Mediation Settlement Agreement gave her attorney express authority to file the Consent Judgment that was specified by its terms. Additionally, after a review of the record, we are unable to find any evidence presented by the LeBlancs to support their self-serving contention that the signature appearing on the Voluntary Motion and Order to Dismiss was not the signature of Mr. LeBlanc. They have simply failed to meet their burden of proof on this matter. As noted by the trial court, once the Mediation Settlement Agreement is found to be legally binding, and the validity of their attorney's actions in this matter is established, the request for a new trial becomes

9

moot. We find no basis for reversing the trial court's decisions in this matter.

*Conn's Assignemnt of Error*

Conn's asserts one assignment of error for our review. It contends that the trial court was manifestly erroneous in failing to order Juliane LeBlanc to defend and indemnify all defendants against the actions taken by Ovey LeBlanc, including, but not limited to, the payment of fees, costs, and expenses in prosecuting the defendant's motions to enforce settlement and defense of the plaintiff's motion for a new trial.

The clause of the Mediation Settlement Agreement dealing with defense and indemnity was cited above, but we will provide it again here in order to address this specific assignment of error. The agreement provided that the settlement "includes consortium claims of Mr. LeBlanc and plaintiff to defend and hold harmless the defendants *as to same and indemnify as to consortium claims*." As a general rule, Louisiana law does not provide for the recovery of attorney's fees absent either a specific statutory provision providing for such relief, or a contractual agreement by the parties to pay attorney fees.

The provision quoted above is quite specific, and clearly shows that, at most, the settlement agreement provides for Ms. LeBlanc to defend and hold harmless as to Mr. LeBlanc's consortium claims. As the Leblanc's were specifically arguing the validity of the Mediation Settlement Agreement containing the indemnity language, and the validity of the Voluntary Motion and Order to Dismiss filed by Mr. LeBlanc, the trial court was not manifestly erroneous in finding that Ms. Leblanc was not liable to defend and indemnify the defendants in the present action.

## DECREE

The judgment of the trial court is affirmed. All costs of this appeal are cast against the Plaintiffs, Julaine LeBlanc and Ovey LeBlanc.

10

**AFFIRMED.**