GENOVESE, Judge.
| iPlaintifi/Appellant, George Norwood, appeals the judgment of the trial court granting the Motion to Enforce Mediation Settlement filed by Defendant/Appellee, Michael R. Garber. For the following reasons, we affirm the judgment of the trial court.
FACTS
This matter involves a legal malpractice lawsuit filed by Mr. Norwood against Mr. Garber on the basis that Mr. Garber’s *736 representation of Mr. Norwood in a real estate transaction was allegedly negligent. The parties agreed to mediation. Pursuant to said mediation, the parties entered into a settlement and signed a settlement agreement. However, due to Mr. Nor-wood’s refusal to accept the settlement proceeds, Mr. Garber filed a Motion to Enforce Mediation Settlement. The trial court granted Mr. Garber’s motion and ordered Mr. Norwood to comply with the terms of the settlement agreement. Mr. Norwood appeals.
ASSIGNMENT OF ERROR
In his sole assignment of error, Mr. Norwood asserts that the trial court erred by dismissing his “claim inspite [sic] of clear and conviencing [sic] evidence showing that [he] was tricked into signing a settlement agreement!.]”
LAW AND DISCUSSION
Pursuant to the Alternative Dispute Resolution provisions of the Louisiana Mediation Act, La. R.S. 9:4111(A) provides:
If, as a result of a mediation, the parties agree to settle and execute a written agreement disposing of the dispute, the agreement is enforceable as any other transaction or compromise and is governed by the provisions of Title XVII of Book III of the Civil Code, to the extent not in conflict with the provisions of this Chapter.
| gLouisiana Civil Code Article 3071 provides: “A compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship.”
In his brief, Mr. Norwood alleges:
While engaging in a mediation settlement, I was quoted a $145,000 (ONE HUNDRED AND FORTY[-]FIVE THOUSAND DOLLARS) amount for settlement; however, I later learned that the amount quoted and the amount that I would actually receive had changed to an amount of $45,000 (FORTY[-]FIVE THOUSAND) for which I did not agree to; thus, there was no meeting of the mind[s] in order to conclude a settlement agreement.
Mr. Norwood further asserts that “the entire mediation process was tainted and tilted unfairly in Mr. Garber’s favor” due to a past professional partnership between the mediator/attorney, Bernard McLaughlin, and Mr. Garber’s counsel of record, Emmett Sole.
Mr. Garber counters by arguing that there was no evidence introduced at the hearing of this matter which substantiates Mr. Norwood’s “allegation that his signature on the mediation settlement agreement was obtained by fraudulent means.” Thus, Mr. Garber contends there are no grounds upon which this court can reverse the trial court’s judgment.
At the hearing on Mr. Garber’s Motion to Enforce Mediation Settlement, the trial court inquired, “[Y]ou’ve already admitted that you agreed to mediate. After this was all over, after visiting with the mediator and what have you, you signed a document memorializing your agreement to settle the case. Why did you change your mind?” Mr. Norwood replied, “Because the money is not right on the document. They changed the money.”
In LeBlanc v. State Farm Insurance Co., 03-1522 (La.App. 3 Cir. 5/26/04), 878 So.2d 715, this court affirmed the trial court’s granting of the defendant’s motion to compel the enforcement of a settlement. In LeBlane, this court held that without any evidence to support plaintiffs allegation that she signed the agreement under *737 duress, “[b]y the clear language of [La.Civ. Code art. 3071], [the] Mediation Settlement Agreement signed by the parties ... constitute^] a legal and binding compromise.” Id. at 720.
In the instant matter, there was no evidence presented by Mr. Norwood to support his contention that he was tricked into signing the settlement agreement at issue herein. For the reasons stated above, we find no legal basis for reversing the trial court’s judgment in this matter.
DECREE
For the foregoing reasons, we affirm the judgment of the trial court. All costs of these proceedings are assessed against Plaintiff/Appellant, George Norwood.
AFFIRMED.