WATKINS, Judge.
This appeal arises as the outgrowth of a decision of this court on January 21, 1980, in Nos. 13,032 and 13,033, Lacey v. Baywood Truck and Machinery consolidated with Capital Bank and Trust Company v. Lacey, which decision is reported in 381 So.2d 863. In that decision, we held that Capital Bank *563 and Trust Company was entitled to a deficiency judgment on a note signed by Lacey to purchase a truck tractor and dump trailer, and assigned by the vendor, Baywood Truck and Machinery to Capital. We further held that Lacey was entitled to recover in quantum minoris from the vendor Bay-wood for redhibitory vices in the vehicle purchased, the claim not having been one strictly in redhibition because the truck had been sold and it was impossible to restore the parties to their original status. Lacey applied for writs, which were granted on May 9, 1980, as to Capital’s action against Lacey but denied as to Lacey’s action against Baywood (see 384 So.2d 794).[1] Thereafter, the Louisiana Supreme Court on November 10, 1980, affirmed our decision in Capital’s suit against Lacey, noting by footnote that it had previously denied writs on Lacey’s consolidated suit against Baywood. On February 13, 1981, the Louisiana Supreme Court denied rehearing. The Louisiana Supreme Court decision is reported at 393 So.2d 668.
On June 17, 1980, Lacey applied for a writ of fieri facias in East Baton Rouge (where the suit was originally brought) in his claim against Baywood, designating certain property to be seized and sold. On June 18, 1980, Baywood filed a petition seeking an injunction preventing execution of the writ of fi.fa. On July 9, 1980, the trial court denied a temporary restraining order. On July 7, 1980, Capital applied for issuance of a writ of fi.fa. directing the seizure of Lacey’s interest in his judgment against Baywood. Lacey then applied (1) for a dissolution of Capital’s writ of fi.fa. in proceedings brought against Capital, Bay-wood and A1 Amiss, Sheriff of East Baton Rouge Parish, (2) for damages from defendants in rule in the sum of $5,000.00 for wrongful issuance of the writ of fi.fa., (3) to have defendants in rule held in contempt of court, and (4) to compel Capital and Bay-wood to disclose the real price and date of an alleged transfer of rights in Capital’s claim against Lacey from Capital to Bay-wood. In a judgment signed October 8, 1980, after hearing on rule held on October 3, 1980, the trial court dissolved Capital’s writ of fi.fa. against Lacey, and took under advisement the “remaining rules” before it. From this judgment, Capital and Baywood took a suspensive appeal.
The sole question before this court is the correctness of the trial court’s dissolution of Capital’s writ of fi.fa., the writ having had the effect of subjecting to seizure and sale Lacey’s rights in his judgment against Baywood. On July 7, 1980, when Capital applied for seizure of Lacey’s rights in his judgment against Baywood, Capital’s judgment against Lacey was not final, Capital’s appeal having been suspensive to this Court and (after we reversed the trial court’s judgment in the decision cited above and rendered judgment in favor of Capital) the Louisiana Supreme Court having granted writs as to Capital’s action against Lacey on May 9, 1980. The Louisiana Supreme Court did not deny rehearing in this consolidated suit until February 13, 1981. A judgment of the Supreme Court does not become final or definitive until an application for rehearing is denied, when such application is filed. LSA-C.C.P. art. 2167. Thus, Capital’s writ of fi.fa. was not supported by a final judgment, but rather the matter was still on suspensive appeal for which a sus-pensive appeal bond had been duly furnished. The fact that thereafter judgment became final cannot lend life to an improper and ineffective writ of fi.fa. not based upon a final judgment. At the time of the trial on the rule, October 3, 1980, Capital’s judgment was not final or executory. The trial court, therefore, acted properly in dissolving Capital’s writ of fi.fa. upon Lacey’s application for dissolution of the writ. As the writ was based upon a judgment that was not final when the writ was issued, the fact that Capital’s judgment became final after the trial court’s hearing had taken place cannot lend life to an invalid writ of fi.fa. Nassau Realty Co., Inc. v. Brown, 332 So.2d 206 (La.1976).
*564 We note that Lacey’s rule for damages and related relief is still pending. We reserve all of Lacey’s rights in these matters, as did the trial court.
Lacey has also filed an answer to Capital and Baywood’s appeal seeking damages and attorney’s fees for a frivolous appeal. Although we find the appeal devoid of merit, in view of the complexity of the matter we cannot say the appeal is frivolous. We, therefore, deny damages and attorney’s fees resulting from this appeal.
We affirm the judgment of the trial court in all respects, specifically reserving to Lacey the right to pursue all matters in rule reserved by the trial court, all costs to be borne by appellants.
AFFIRMED.

. See also Order of Louisiana Supreme Court signed by Chief Justice John A. Dixon amending the Court’s previous order at 384 So.2d 794 to reflect that “. . writs have been denied in the case of Freddie Lee Lacey v. Baywood Truck & Machinery, Inc." Transcript p. 75.