SANDRA CABRINA JENKINS, Judge.
| tThis appeal arises out' of a suit to collect attorneys’ fees. Prior to a trial of the matter, Plaintiff and Defendant reached a compromise agreement which was recited on the record in open court. Plaintiffs counsel then prepared and submitted a consent judgment to the trial court without Defendant’s signature. The trial court signed the consent judgment noting that Defendant entered his consent to the agreement on the record. Subsequently, Plaintiff filed for a writ of fieri facias (“writ of fifa”), to be issued and executed based on the consent judgment, and filed a petition for garnishment. Defendant filed a motion to set aside the writ of fifa and the garnishment, arguing that he had complied with and satisfied all terms of the compromise agreement and Plaintiff improperly executed upon the consent judgment through the writ of fifa. Following a hearing, the trial court’s June 6,2014 judgment granted Defendant’s motion to set aside the writ of fifa and garnishment, denied Plaintiffs exception of prescription, and upheld and enforced the compromise recited on the record in open court. From that judgment, Plaintiff now appeals. For the reasons that follow, we affirm.
J¿_F ACTUAL AND PROCEDURAL BACKGROUND
In October 2008, Defendant, Dominique Macquet, retained the legal services of Plaintiff, Morris, Lee, Bayle, L.L.C., to represent him in a divorce proceeding. The parties signed a written contract setting forth Plaintiffs attorney fee structure and the terms and conditions of Defen- ■ dant’s payment for the legal services.[1] On October 6, 2010, Plaintiff filed suit against Defendant for non-payment of attorneys’ fees and costs under the terms of the contract. Plaintiff sought judgment against Defendant in the amount of $11,920.00 plus interest from the date of default and additional attorneys’ fees of twenty-five percent of the principal and interest.[2]
On August 21,2013, the date set for trial of the matter, the parties reached a settlement agreement, or compromise. The terms of the compromise were recited in open court on the record as follow’s:
THE COURT: All right. I understand that there has been an agreement reached in this case; is that correct?
*202 :MR. KOTTEMANN' [PLAINTIFF’S ATTORNEY]: Yes, your Honor.
THE COURT: Would you articulate it? MR. KOTTEMANN: Yes, your Honor, I will. It specifically, let me start off that there are two hard dates here: One; is Monday, August 26, 2013 at 11:00 a.m, A $5,000 check will be written to either — probably to my law firm, Stanley C. Kotteman[n], Jr.-and Associates.
Jt* * "*
THE COURT: Okay. That’s a check for $5,000 ready for 11:00 a,m. on Mon.day, August 26.
MR. KOTTEMANN: That’s right. The remaining $4,000 — for a total of $9,000 payment for settlement -in full will be due no later than March 1, 2014, the full amount.[3]
THE COURT: Okay.
MR. KOTTEMANN: If that amount is not due on March 1, 2014, then the original amount as' prayed for in the judgment before you Judge will be due, less any credit Mr. Macquet had paid at that time. Okay. We will basically follow a structure payment plan of — starting on October 1, 2013 to be mailed to my law firm of $500, And that will be due the first of each month, up to March 1, 2014 where there will be. a balloon .payment paid for any amount owed at that time.
THE COURT: Okay. So, the total settlement is for $9,000, correct?
MR. KOTTEMANN: That is correct.
THE COURT: All right. First payment being ■ due Monday, $5,000, Thereafter, beginning October 1, the defendant is to 'pay $500 a month. No penaltiés if there is a late — if it’s later or—
MR. KOTTEMAN: That is correct.
THE COURT: Okay.
MR. KOTTEMANN: Unless, like I said, just if the $5,000 is not ready on Monday at 11:00, August 26, then the full amount of the judgment would be due. Or if the remaining $4,000 has not been paid by March 1, 2014, less credits, the .amount originally prayed -for would be' due.
THE COURT: Okay. So, the monthly payments — that $500 that he’s paying, those payments would be credited toward the $4,000 that’s due?
MR. KOTTEMANN: That is correct,
THE COURT: And if by March 1, the $4,000 dollars has not been paid, then you will contact Mr. Bemberg [Defendant’s counsel] and give him notice?
LMR. KOTTEMANN: Yes, your Honor, probably a week or two before that I will contact him just to notify him what’s going on.
THE COURT: Okay. In terms of the balance that’s owed and what’s due March 1?
MR. KOTTEMANN: But I would send him a copy of the judgment on March 1, that we would be submitting to you within 5 days if we had not received it on March 1. ■ •
THE COURT: Okay. And just one other thing. You mentioned that if the payments weren’t made as agreed upon, then the amount that’s due would be that that was originally prayed for; is that correct?
MR. KOTTEMANN: That’s right. If the $5,000 is not paid on Monday, August 26,, 2013, or if the remaining $4,000 has not been payed by March 1, 2014, ..., then the original judgment as *203 prayed for less any' credits would be submitted to the Court.
* * *
MR. KOTTEMANN: And then of course we would dismiss the lawsuit with prejudice after March 1, 2014, assuming it’s been paid.
After the terms were recited on the record, the trial court confirmed each party’s consent to the compromise agreement.[4] At the conclusion of the hearing, Plaintiff’s counsel offered to prepare and submit a written judgment signed by the parties. ■
Later that same day, Plaintiffs counsel prepared, signed, and submitted to Defendant’s counsel a “Consent Judgment” which reads, in pertinent part, as follows:
IT .IS ORDERED, ADJUDGED, AND AGREED that Dominique M. Macquet in the above captioned matter, shall pay to Morris, Lee & Bayle, LLC, Plaintiff, the full and true sum of $9,000.00, the agreement is as follows:
Dominique M. Macquet agrees to pay $5,000.00 down payment on or 'before Monday morning 11:00 am, August 26, 2013. The $5,000.00 payment will be received by either Stanley C. Kottem-ann, |fiJr. or a representative of his firm. The final $4,000.00 shall be paid in monthly installments of $500.00, first payment due. on October 1, 2013, thereafter each additional payment of $500.00 shall be due on the 1st of each and every month until March 3, 2014 when the final payment of $1,500.00 is' due in full. The payment shall be made to, Stanley C. Kottemann, Jr, & Associates and delivered to 3800 Florida Avenue, Suite 201, Kenner, Louisiana 70065 on or before the date when such payment is due. In the event that Defendant fails to comply with the terms of the above consent judgment on August 26, 2013 and March 3, 2014, then as stated in the original petition, the amounts- stipulated in the original Petition $11,920.00 will be due including attorneys fees, court cost and interest, with credit for any payments made by Dominique M. Macquet.
On August 26, 2013, Deféhdant’s counsel personally and timely delivered the-first payment of $5,000.00 to Plaintiffs counsel in fulfillment of the first term of the agreement; however, Defendant’s counsel had not signed the written “Consent judgment.” On September 13, 2013, Plaintiffs counsel faxed a letter to Defendant’s counsel requesting his signature on the judgment or a response. On October 1,' 2013, Plaintiffs counsel sent a letter to the trial court informing that Defendant’s counsel had not responded to or signed the prepared judgment; along with this letter, Plaintiffs counsel submitted the “Consent Judgment,” signed only by himself, to the trial court for signature.
On October 4, 2013, Plaintiffs counsel sent .notice by fax to Defendant’s counsel informing him that “Mr. Macquet’s scheduled payment according to the Consent Judgment agreement of $500.00 due October 1, 2013” had not been received and requested a response as to the status of the payment.
On October 7, 2013, the trial court’s law clerk sent a message by fax to Defendant’s counsel informing him that the consent judgment signed by Plaintiffs counsel had been .submitted, requesting a response or signature by Defendant’s counsel, and informing him that the trial court would sign the judgment if no | ¿response was received *204 by October 15, 2013. The trial court received no response and signed the submitted consent judgment on October 17, 2013. On the judgment, the trial court noted, “Notwithstanding [counsel’s] refusal to sign, the above Judgment reflects the consent entered on the record by [counsel] and his client.”
On January 22, 2014, Plaintiff filed a request for a writ of fifa to be issued by the Clerk of First City Court “directed to the Constable of Orleans Parish, as per Judgment dated October 17, 2013, against the Defendant, Dominique M. Macquet[.]” At the same time, Plaintiff also filed a petition for garnishment, citing the October 17, 2013 judgment as the basis for the writ of fifa and garnishment. In pertinent part, the petition states, “[o]n October 17, 2013, judgment was rendered in this Court against Defendant, ..., in the sum of $11,920.00, together with interest at the legal rate from the date of judicial demand October 6, 2010 until paid, 25% of the principal and interest as attorney’s fees and all costs of these proceedings, all of which more fully appears in the certified copy of the judgment attached to and made a part of this petition.” The petition further states that no suspensive appeal had been taken from the judgment, the legal delays had expired, and the judgment is in full force and effect. Plaintiff attached a copy of the October 17, 2013 consent judgment to the petition for garnishment and the request for the writ of fifa filed with the trial court. Plaintiff did not include any statements or allegations regarding Defendant’s default or violation of the October 17, 2013 consent judgment.
On January 27, 2014, the trial court signed the order for garnishment, naming J.P. Morgan Chase Bank as garnishee to be served with notice of seizure. The record reflects that service was made upon the garnishee on February 11, 172014; there is no indication in the record that written notice of the filing of the garnishment petition was sent to Defendant.[5] See La. C.C.P. arts. 2411(B), 2412(A).
On February 20, 2014, Defendant filed an expedited motion for status conference, stating that, without notice, Defendant’s bank account had been seized and his wages garnished, contraiy to the consent entered into on August 21, 2013. The trial court ordered a telephone status conference be held on February 26, 2014, but the record does not reflect if or when such status conference was held.
On April 2, 2014, Defendant filed a motion to set aside the writ of fifa and the garnishment. Defendant argued that the compromise agreement had been satisfied in full on January 15, 2014, when Defense counsel mailed to Plaintiffs counsel a check for $4,000.00 (the outstanding amount), thereby fulfilling the terms of the compromise recited and agreed to in open court on August 21, 2013.[6] In addition, Defendant argued that the October 17, 2013 consent judgment provided no acceleration clause to allow for a default judgment against Defendant prior to March 3, 2014. Since Defendant had satisfied the *205 terms of the compromise prior to March 3, 2014, Defendant argued that Plaintiff improperly, and without notice, filed the request for a writ of fifa and the petition for garnishment based on a misrepresentation of the October 17, 2013 consent judgment and the compromise agreement entered on the record on August 21, |82013. Consequently, Defendant moved for the writ of fifa and the garnishment to be vacated, set aside, and revoked..
In response, Plaintiff filed a peremptory exception of prescription. Plaintiff argued that the October 17, 2013 judgment was a valid, enforceable, final judgment from which Defendant had failed to request a new trial or file an appeal. Plaintiff further argued that Defendant defaulted on the October 17, 2013 judgment by failing to comply with the provision that Defendant shall make monthly installment payments of $500 on the first of each month from October 1, 2013 until March 3, 2014, when a lump sum of $1,500 was due. Plaintiff argued that Defendant’s failure to make the monthly installments, triggered a default provision of the judgment whereby the judgment could be executed for the entire amount prayed for in the original petition. Plaintiff argued that once Defendant defaulted the writ of fifa was properly requested, issued, and executed based on the October 17, 2013 judgment, for which the time to appeal had prescribed.
At the hearing on Defendant’s motion to set aside and Plaintiff’s exception of prescription,' the trial court read out the compromise agreement as recited on the record on August 21, 2013. The trial court noted that the parties specifically agreed upon two hard dates for the payment of the total settlement amount of $9,000.00; the first payment of $5,000.00 was due on August 26, 2013 and the remaining amount tyas due no later than March 3, 2014.[7] The trial court also noted that, in the event that the $4,000.00 had not been paid by March 3, 2014, Plaintiffs counsel agreed to contact Defense counsel and “give him notice” that the entire amount as originally prayed for was due. Then,-in comparing the transcription of the agreement recited in open court on August 21, -2013 to the terms contained in |9the October-17, 2013 consent judgment, the trial court found “a bit of a discrepancy between the two” regarding the payment structure; the consent judgment required monthly payments between October 1, 2013 and March 3, 2014 whereas the agreement recited in court only hinged on full payment by March 3, 2014. Based on that discrepancy and the parties’ express consent to the compromise agreement recited on the record in open court, the trial court found that the consent judgment signed only by one party and the -trial court was not a valid compromise agreement under Louisiana law. However, the trial court found that the parties did enter into a valid compromise agreement as recited on the record on August 21, 2013, that-Defendant did not default on the agreement, and the terms of the agreement were satisfied in full by Defendant prior to Plaintiff filing for the writ of fifa and the petition for garnishment. The trial court then vacated, revoked, and set aside the writ of fifa and the garnishment and ordered Plaintiff to return any amounts seized from Defendant in excess of the $9,000.00 settlement amount. The trial court also denied Plaintiffs exception of prescription.
Plaintiff now appeals the trial court’s June 6, 2014 judgment denying the exception of prescription and granting the motion to set aside the writ of fifa and the garnishment.
*206 DISCUSSION
In this appeal, Plaintiffs main contention is that the October 17, 2013 consent judgment was a final,' enforceable judgment against Defendant that was properly-executed by the writ of fifa and the garnishment. Plaintiff argues that the writ of fifa and garnishment were issued and executed long after the time delays-for filing a motion for new trial or an appeal of the October 17, 2013 judgment had | ^prescribed and, thus, the trial court erred by overruling the exception of prescription to Defendant’s motion to set aside the writ of fifa and garnishment. Additionally, Plaintiff argues that the trial court erred in finding: (1) the specific terms of the October 17, 2013 consent judgment signed by the trial court were not enforceable; (2) the recitation of the agreement in open court on August 21, 2013 is the controlling and enforceable compromise between the parties; (3) Defendant did not violate or default on the compromise agreement; and (4) the compromise agreement was satisfied prior to the issuance and execution of the writ of fifa and the garnishment. Plaintiff argues, in sum, that the trial court erred in failing to uphold the October 17, 2013 consent judgment as both a valid compromise agreement and a final, enforceable judgment, and in setting aside the writ of fifa and the garnishment executed on that final judgment.[8]
First, we address Plaintiffs contention that the October 17, 2013 consent judgment was a final; enforceable judgment properly executed by a writ of fifa and garnishment. Only a “judgment for the payment of money-may be executed by a writ of fieri facias directing the seizure and sale of property of a judgment debt- or.” La. C.O.P. art. 2291. “An essential requirement-to the issuance of a writ of fieri facias is a money judgment.” King v. Illinois Nat. Ins. Co., 08-1491, p. 10 (La.4/3/09), 9 So.3d 780, 786, citing Madere v. Madere, 95-088 (La.App. 5 Cir. 5/30/95), 656 So.2d 1108, 1109, rev’d on other grounds per curiam, 95-1635 (La.10/16/95), 660 So.2d 1205. Absent a final money judgment, there is nothing for a judgment creditor to execute through a writ of fifa. . Id.; see Board of Trustees of East Baton Rouge Mortg. Finance Authority v. All Taxpayers, 361 So.2d 292, 294 (La.App. 1st Cir.1978); see also, O.K Realty Co. v. John A. Juliani, Inc., 1 La.App. 1, 3 (1924). Thus, we turn to consider whether the October 17, 2013 judgment, which Plaintiff had executed through the writ of fifa, constitutes a final money judgment against Defendant.
Initially, we note that a judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled; a judgment that determines the merits in whole or in part is a final judgmént. La. C.C.P. art. 1841. A final judgment shall be identified as such by appropriate language, La. C.C.P. art. 1918. “A final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied.” Board of Sup’rs of Louisiana State Uni *207 versity and Agricultural and Mechanical College v. Mid City Holdings, L.L.C., 14-0506, pp. 2-3 (La.App. 4 Cir. 10/15/14), 151 So.3d 908, 910, quoting Palumbo v. Shapiro, 11-0769, p. 5 (La.App. 4 Cir. 12/14/11), 81 So.3d 923, 927. “The result decreed must be spelled out in lucid, unmistakable language. The quality of definiteness is essential to a proper judgment.” Input/Output Marine Sys., Inc. v. Wilson Greatbatch, Tech,, Inc., 10-477, p. 12 (La. App. 5 Cir. 10/29/10), 52 So.3d 909, 915 (citations-omitted). Furthermore, a judgment purported to be final and rendered upon a money demand must state the amount of the recovery with certainty and precision. Kimsey v. National Automotive Ins. Co., 13-856, p. 5 (La.App. 3 Cir. 2/12/14), 153 So.3d 1035, 1038 (citing Elston v. Montgomery, 46,262 (La.App. 2 Cir. 5/18/11), 70 So.3d 824); see also Fontelieu v. Fontelieu, 116 La. 866, 881, 41 So. 120, 125 (La.1906). “Importantly, if the amount must be determined by a future contingency or ascertained by extrinsic reference (or is otherwise indefinite and uncertain), it is not a proper judgment.” Kimsey, 13-856, p. 5, 153 So.3d at 1038 (citing Vanderbrook v. Coachmen Industries, Inc., 01-0809, pp. 11-12 (La.App. 1 Cir. 5/10/02), 818 So.2d 906, 913).
In this case, the October 17, 2013 consent judgment that Plaintiff executed upon through the writ of fifa is not designated as a final judgment and it does not state that judgment is-rendered in favor of Plaintiff against Defendant. In addition, the October 17, 2013 consent -judgment does not--clearly order the payment of $11,920.00 to Plaintiff, as prayed for by the petition for-garnishment and executed on by the writ of fifa. Rather, the October 17, 2013 consent judgment reflects the compromise agreement reached by the parties and recited in open court on the record on August 21, 2013. See La. C.O. art. 3071; La. C.C.P. art. 1916(B).[9] -
The clear language of the October 17, 2013 consent judgment states that the parties agree that Defendant shall pay to Plaintiff the sum of $9,000.00 in settlement of all claims; it specifies two dates on which the performance of Defendant’s obligation is - due: August 26, 2013 and March 3, 2014; in -the event that Defendant “fails to comply with the terms of the above consent judgment on August 26, 2013 and March 3, 2014,” then Defendant is obligated to pay the total amount prayed for in the original petition; in the event that the full settlement |13amount is paid, then Plaintiff will dismiss the lawsuit with prejudice.[10] There is no statement that judgment is rendered in favor of Plaintiff against Defendant for the payment of $11,920.00, and that amount becomes due only in the event of nonpayment by- March 3, 2014.
*208 Plaintiff, however, argues that the clear terms of the consent judgment require Defendant to make monthly installment payments of $500.00, and Defendant’s failure to . pay in accordance with those terms resulted in default, at which time the entire amount prayed for in the original petition, $11,920.00, became due and payable as a money judgment. In response, Defendant argues that the consent judgment only provides two operative dates for default — August 26, 2013 and March 3, 2014 — and there is no acceleration" clause or provision for default prior to March 3, 2014.
We note, as Plaintiff argues, that there are specific terms in the consent judgment stating Defendant shall pay- - the final $4000.00 in monthly installments of $500.00, due on October 1,2013 and on the first of every month until March 3, 2014. However, we do not agree with Plaintiffs assertion that the clear, explicit wording of the consent judgment puts Defendant in default-of the entire, judgment upon nonpayment of the monthly installments. The only default provision indicates -that failure to comply on August 26, 2013 and March 3, 2014 would result in the full original sum of $11,920.00 being due and payable. ■Thus, the October 17, 2013 consent judgment does not state a certain amount of recovery for |14$11, 920.00 except in the uncertain future event of nonpayment of the $9,000.00 settlement amount.
Based on the terms and language of the October 17, 2013 consent judgment, which does not render a definite money judgment and which contains no clear provision for a default prior to March 3, 2014, we find that the October 17, 2013 consent judgment is not a final, enforceable money judgment. Considering the absence of a final money judgment, we find that the writ of fifa and the order for garnishment were improperly sought, issued, and executed.
In addition, we find no merit in Plaintiffs argument that the October 17, 2013 consent judgment could be executed as a final judgment based on the prescription of the time periods for filing a motion for new trial or an appeal. As explained below, although we recognize that a consent judgment, i.e., a written compromise agreement, can be a final enforceable judgment under Louisiana law, in this case we agree with the trial court that the October 17, 2013 consent judgment does not constitute a valid compromise and, thus, cannot be enforced as a final judgment.
In reviewing the trial court’s interpretation and findings regarding a compromise agreement, we apply the manifest error/clearly wrong standard of review. Feingerts v. State Farm Mut. Auto. Ins. Co., 12-1598, 13-0023, p. 4 (La.App. 4 Cir, 6/26/13), 117 So.3d 1294, 1297; Hancock Bank of Louisiana v. Holmes, 09-1094, p. 6 (La.App. 5 Cir. 5/25/10), 40 So.3d 1131, 1134. The trial court’s judgment determining the existence, validity and scope of a compromise agreement depends on a finding of the parties’ intent, which is an inherently factual finding. Feingerts, 12-1598, p. 4, 117 So.3d at 1297; see generally, Stobart v. State, Dept. of Transp. and Development, 617 So.2d 880, 882 (La.1993).
11fiUnder Louisiana law, “a compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship.” La. C.C. art. 3071; see Feingerts, 12-1598, p. 10, 117 So.3d at 1300-1301. Louisiana law requires that “[a] compromise shall be made in writing or recited in open court, in which case the recitation shall be susceptible of being transcribed from the record of the proceedings.” La. C.C. art. 3072; see Feingerts, 12-1598, p. 11, 117 So.3d at 1301. *209 When the parties to a contested matter reach a compromise which is recited in open court, the trial court may order a party to prepare and submit a consent judgment to the court for signature. La. C.C.P. art. 1916(B). A signed consent judgment simply reflects the mutual consent of the parties to the terms of the compromise; its binding force is derived from the voluntary acquiescence of the parties rather than from a judicial determination after a trial on the merits. See Peeler v. Dural, 06-936, p. 6 (La.App. 5 Cir. 4/11/07), 958 So.2d 31, 35. Notably, Louisiana law does not require that a compromise be reduced to writing in any specific form or in a judgment. See Feingerts, 12-1598, p. 11, 117 So.3d at 1301 (citing Elder v. Elder & Elder Enterprises, Ltd., 06-0703, p. 4 (La.App. 4 Cir. 1/11/07), 948 So.2d 348, 351.)
An enforceable compromise agreement has two essential elements: (1) mutual intention of preventing or putting an end to the litigation and (2) reciprocal concessions of the parties to adjust their differences. Trahan v. Coca Cola Bottling Co. United, Inc., 04-0100, p. 10 (La.3/2/05), 894 So.2d 1096, 1104. As explained by the Louisiana Supreme Court in Trahan, “to be enforceable ... the compromise must either be reduced to writing and signed by the parties or their agents, or be recited in open court and be capable of transcription from the record of the |1fiproceeding.” Id, (emphasis added); La. C.C. art. 3072. A compromise agreement recited on the record in open court will be treated as though it is a written contract, conferring upon each party the right of judicial enforcement of performance of the agreement even though the substance may later be written in a more convenient form. Id.) Sileo v. Berger, 11-0295, p. 10 (La.App. 4 Cir. 9/28/11), 74 So.3d 753, 759. Whether written or recited in open court, a compromise agreement reflecting the mutual consent and acquiescence of the parties constitutes the law between the parties and is generally not appealable pursuant to La. C.C.P. art.2085,[11] except for vices of consent (i.e., error, fraud, or duress). See M.P.W. v. L.P.W., 13-0366, p. 7 (La.App. 1 Cir. 11/1/13), 136 So.3d 37, 44 (“Generally, there is no right to appeal a stipulated or consent judgment.”); Mill Creek Homeowners Ass’n, Inc. v. Manuel, 04-1385, pp. 2-3 (La.App. 1 Cir. 6/10/05), 916 So.2d 268, 269 (holding that a consent judgment is a final judgment between the parties from which an appeal cannot be taken pursuant to La. C.C.P. art.2085); see also Peeler, 06-936, p. 6 n. 5, 958 So.2d at 35; Pittman v. Pittman, 01-2528, pp. 3-4 (La.App. 1 Cir. 12/20/02), 836 So.2d 369, 372. Finally, pursuant to Louisiana law and jurisprudence, the proper means for enforcement of a compromise agreement is through summary proceedings (e.g., a motion to enforce, a motion for contempt, or a rule to show cause) or ordinary proceedings. See La. C.C.P. art. 2592(12);[12] Feingerts, 12-1598, pp. 3-4, 117 So.3d at 1297; Peeler, 06-936, pp. 6-7, 958 So.2d|17at 35 (holding that enforcement of a consent judgment *210 can be brought under summary or ordinary proceedings); Alagdon v. Guertin, 97-0235, p. 4 (La.App. 4 Cir. 10/1/97), 701 So.2d 480, 482, writ denied, 97-2400 (La.2/12/97), 704 So.2d 1201; Preston Oil Co. v. Transcontinental Gas Pipe Line Corp., 594 So.2d 908, 914 (La.App. 1st Cir.1991) (“[I]n addition to enforcing a consent judgment via summary process, a consent judgment is subject to interpretation via the procedural device of a petition for declaratory judgment.”).
The requirement that the compromise be in writing or recited in open court and susceptible of being transcribed from the record “aims at avoiding litigation over what the terms of the settlement are.” Feingerts, 12-1598, p. 11, 117 So.3d at 1301 (quoting Tucker v. Atterburg, 409 So.2d 320, 322 (La.App. 4th Cir.1981)). The compromise instrument is then governed by the same general rules of construction applicable to contracts. Trahan, 04-0100, p. 14, 894 So,2d at 1106; see La. C.C. art.2045 et seq. The meaning and intent of the' parties' to the compromise is ordinarily determined from the four corners of a written instrument and extrinsic evidence is generally inadmissible to explain or contradict the terms contained within that instrument. Feingerts, 12-1598, p. 12, 117 So.3d at 1301; Trahan, 04-0100, p. 15, 894 So.2d at 1107; Ortego v. State, Dept. of Transp. and Development, 96-1322, p. 7 (La.2/25/97), 689 So.2d 1358, 1363-64. However, “[w]hen a dispute arises as to the scope of the compromise agreement, extrinsic evidence can be considered to determine exactly what differences the parties intended to settle.” Ortego, 96-1322, p. 7 689 So.2d at 1363-64.
. [18] |lsIn. this case, it is undisputed that the parties recited the terms of their compromise agreement, and their explicit mutual consent thereto, on the record in open court on August 21, 2013. The transcript of that proceeding provides a clear recitation of the terms of the compromise and the explicit consent of the parties to the terms as recited on the record. Plaintiffs counsel stated that there are “two hard dates,” indicating that the obligation to pay the settlement amount of $9,000.00 was to be performed by two dates: August 26, 2013 and March 3, 2014.[13]-' Although Plaintiffs counsel described a monthly installment plan for the $4,000.00 amount remaining after the $5,000.00 payment on August 26, 2013, the transcript reflects that Plaintiffs counsel explicitly stated there would be no penalties or demand for the full amount originally prayed for, “[u]nless, like I said, just if the $5,000 is not ready on Monday at 11:00, August 26 ... [o]r if the remaining $4,000 has not been paid by March' [3], 2014.” In the recitation of the terms, counsel stated three times that if Defendant does not comply with the payments by either August 26, 2013 or March 3, 2014, then the full amount of the judgment would be due. In addition, Plaintiffs counsel stated that in the event that Defendant did not pay the settlement amount by the final date of March 3, 2014, then he would contáct Defendant within five days, give him notice of default, and send him a copy of the judgment, for the amount originally prayed for in the petition, that counsel would be submitting to the trial court. Upon reciting the terms of the compromise, both parties explicitly stated their consent on the record. At that time, a. valid, enforceable compromise existed between the parties.
| ^Thereafter, Plaintiffs counsel prepared and submitted the consent judgment to the trial court pursuant to La. *211 C.C.P. art. 1916(B). In light of the applicable law and jurisprudence, however, the October 17, 2013 consent judgment does not constitute a valid, enforceable compromise instrument because it is not signed by both parties. See Albarado v. State Farm Mut. Auto Ins. Co., 05-1084, p. 5 (La.App. 3 Cir. 4/5/06), 926 So.2d 94, 97 (holding that the formalities for a valid compromise were not met where the documentation evidencing the agreement was not signed by both parties); Desoto v. Desoto, 96-1079, pp. 4-5 (La.App. 5 Cir. 4/29/97), 694 So.2d 1043, 1045-46; Sullivan v. Sullivan, 95-2122 (La.4/8/96), 671 So.2d 315. Furthermore, the trial court was without authority to designate the October 17, 2013 consent judgment as a valid, enforceable compromise agreement absent both parties’ signatures or the express consent of the parties. “A compromise is valid only if there is a meeting of the minds between the parties as to exactly what they intended when the compromise was reached. Therefore, proof that such a meeting of the minds has occurred is a prerequisite to the application of La. Civ. Code art. 3071_” Hardy v. Hardy, 99-0283, pp. 2-3 (La.App. 4 Cir. 9/22/99), 743 So.2d 810, 811, citing Grace v. Zapata OffShore Co., 95-0112, p. 3 (La.App. 4 Cir. 3/29/95), 653 So.2d 704, 706. Although the trial court signed the consent judgment noting, “the above Judgment reflects the consent entered on the record by [Defendant’s counsel] and his client,” the trial court later stated, at the May 29, 2014 hearing on the motion to set aside the writ of fifa, that it had not relied on the transcription of the record of the compromise agreement in making that note on the consent judgment.
Upon our review of the record in light of the applicable law, we find no manifest error in the trial court’s findings that the October, 17, 2013 consent 12njudgment does not constitute a valid compromise and that the compromise, entered on the record in open court on August 21, 2013 is a valid, enforceable compromise. . Furthermore, we find the record supports the trial court’s findings and determination that Defendant fully, complied with and satisfied the terms of the August 21, 2013 compromise. When the dispute arose over the validity, scope and enforcement of the compromise via Defendant’s motion to set aside the writ of fifa and garnishment, the trial .court properly relied upon the transcription of the compromise as recited in open court on August 21, 2013. to determine the intent of the parties regarding the terms, of the compromise. See Trahan, 04-0100, pp, 14-16, 894 So.2d at 1106-07 (relying on the transcript of the-compromise agreement recited in open court to determine that a valid and enforceable compromise was entered into by the parties). In accordance with the terms, the record reflects that Defendant paid Plaintiff $5,000.00 on August 26, 2013 and paid the remaining $4000.00 — “for a total of $9,000 payment for settlement in full” — by check dated January 14, 2014, prior to the default date of March 3, 2014.[14] Thus, Defendant fully satisfied the terms of the compromise agreement recited in open court on August 21,2014.
Finally, we note that, contrary to the terms of the compromise, the record does not indicate that Plaintiff sent notice to Defendant, at any time before or after January 22, 2014, that Plaintiff would and did submit a request for a writ of fifa and file a petition for garnishment based on *212 the default provision of the October 17, 2013 consent judgment. The record indicates that Defendant had knowledge of the seizure and garnishment as of February-20, 2014-, when Defendant filed an 12i expedited motion for status conference. However, the fact that Defendant did not file the motion to set aside the writ of fifa and the garnishment until April 2, 2014 does not change the fact that the writ of fifa and the petition for garnishment were improperly issued and executed upon a consent judgment that was not valid, final, or enforceable.[15] Therefore, in consideration of this record in light of applicable law and jurisprudence, we find no manifest error in the trial court’s June 6, 2014 judgment vacating, setting aside, and revoking the writ of fifa and the garnishment, upholding and enforcing the terms of the August 21, 2013 compromise agreement, and denying Plaintiffs exception of prescription.
CONCLUSION
For the foregoing reasons, the trial court’s June 6, 2014 judgment is affirmed.
AFFIRMED
TOBIAS, J., concurs in the result and assigns reasons.
LANDRIEU, J., concurs with reasons.

. By the terms of the contract, Plaintiff would send Defendant monthly bills, payment of which was expected within ten days of receipt of invoice. In addition, Plaintiff reserved rights to terminate the contract, to withdraw as counsel of record, and to institute proceedings against Defendant for non-payment of fees or costs within thirty days of receipt of an invoice.

. Plaintiff retained counsel, Stanley Kottem-ann, Jr., for the purposes of collecting the debt owed by Defendant, as reflected by the April 12, 2010 demand letter attached to Plaintiff’s petition.

. Later during the hearing, the parties determined that March 1, 2014 was a Saturday and agreed that the final due date would be Monday, March 3, 2014.

.’ Ms. Morris and Ms. Bayle, two partners of the Plaintiff law firm, and Defendant, Dominique Macquet, were present at the hearing and stated their consent.-to the terms recited in open court.

. The petition, order for garnishment, and the request for the writ of fifa do not include a request for service on Defendant or Defense counsel. The order for garnishment includes a request for service on garnishee.

. In support, Defendant attached the transcript of the August 21, 2013 hearing, a copy of a check for $4,000.00 made out to Plaintiff's counsel dated January 14, 2014, and a copy of a letter to Plaintiff's counsel referencing the check as payment in full of the outstanding indebtness to Plaintiff. Defendant argued that Plaintiff held the $4,000.00 check before mailing it back to Defense counsel on February 12, 2014, after filing for the writ of fifa and the petition for garnishment on January 22, 2014.

. See supra note 3.

. Plaintiff specifies four assignments of error: (l).(he trial court erred in denying the peremptory exception of prescription on the basis that Defendant did not file' a motion for new trial or an appeal from the October 1-7, 2013 judgment; (2) the trial court erred by not upholding the October 17, 2013 signed judgment; (3) the trial court erred by finding Defendant did not violate; the terms of the compromise agreement; and (4) the trial court erred in setting aside the writ of fifa and garnishment which were properly executed upon a final judgment.

. A consent judgment is a bilateral contract in which the parties adjust their difference's by mutual consent in an- effort to end the legal dispute with each party balancing the hope of gain against the fear of loss. Green v. Holmes, 10-880, p. 6 (La.App. 5 Cir. 4/12/11), 68 So.3d 1, 4. Consent judgments are thus governed by the same general rules of construction applicable to contracts. Id.) Trahan v. Coca Cola Bottling Co. United, Inc., 04-0100, p. 14 (La.3/2/05), 894 So.2d 1096, 1106.

. See La.C.C. art. 1990 provides that, "When a term for the performance of an obligation is either fixed, or is clearly determinable by. the circumstances, the obligor is put in default by the mere arrival of that term. In other cases, the obligor must be put in default by the obligee, but not before performance is due." Although the consent judgment indicates that the second portion of the settlement amount, $4000, shall be paid in monthly installments, it clearly states that Defendant would be in default of the agreement in the event that he fails to comply on August: 26, 2013 and March 3, 2013.

. La C.C.P. art. 2085 provides,
An appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him. Confession of or an acquiescence in part of a divisible judgment or in a favorable part of an indivisible judgment does not preclude an appeal as to other parts of such judgment.

. La. C.C.P. art. 2592 provides in pertinent part, ‘‘[s]ummary proceedings may be used for trial or disposition of the following matters only: (11) An action for dissolution or specific performance of a compromise entered pursuant to Article 1916(B) or by consent judgment.” (Effective January 1, 2016) (now paragraph (12)).

. As noted previously, the transcript indicates the date as March 1, 2014 but it was later amended to March 3, 2014. See supra n. 3.

. Defendant attached a copy of the, check, dated January 14, 2014, to Plaintiffs counsel for $4000 and the accompanying letter, dated January 15, 2014, stating that the check was made in full payment of the remaining indebtedness to Plaintiff.

. See Capital Bank and Trust Co. v. Lacey, 411 So.2d 562 (La.App. 1st Cir.1982) (finding that the trial court acted properly in dissolving a writ of fifa that was not based upon a final or executory judgment); O.K. Realty Co. v. John A. Juliani, Inc., 1 La.App. 1, 3 (La.App.Orleans 1924) (holding that inasmuch as there was no money judgment, no writ of fifa could have issued and there could be no garnishment or seizure).