| | | |
|---|---|---|
| DARLYNN C. ALEXIUS AND MARLON SMITH | * | NO. 2020-CA-0332 |
| | * | |
| VERSUS | | COURT OF APPEAL |
| | * | |
| COLETTE M. BOOTH AND THE CITY OF NEW ORLEANS | * | FOURTH CIRCUIT |
| | | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2016-08104, DIVISION "A"
Honorable Ellen M Hazeur, Judge
\* \* \* \* \* \*
**Judge Rosemary Ledet**
\* \* \* \* \* \*

(Court composed of Judge Rosemary Ledet, Judge Sandra Cabrina Jenkins, Judge Tiffany G. Chase)

Roderick Adrian James
Morris Bart, PLC
601 Poydras Street, 24th Floor
New Orleans, LA 70130

      COUNSEL FOR PLAINTIFFS/APPELLANTS

William R. H. Goforth, Assistant City Attorney
Tanya L. Irvin, Assistant City Attorney
NEW ORLENS CITY ATTORNEY'S OFFICE
1300 Perdidio Street
Room 5E03
New Orleans, LA 70112

Anne Thomas
ATTORNEY AT LAW
3510 North Causeway Boulevard, Suite 608
Metairie, LA 70002

      COUNSEL FOR DEFENDANTS/APPELLEES

             **VACATED AND REMANDED**
             **JANUARY 13, 2021**

This is a tort case arising from a traffic accident. The plaintiffs—Darlynn

Alexius and Marlon Smith—appeal the trial court's judgment dismissing with

prejudice their claims against the defendants—Collette Booth and the City of New

Orleans.[1] We vacate and remand.

## BACKGROUND

On August 28, 2015, the plaintiffs' vehicle was rear-ended by a vehicle

being driven by New Orleans Police Officer Colette Booth while driving on

Interstate 10 in New Orleans. On August 12, 2016, the plaintiffs filed suit in

Orleans Parish Civil District Court, alleging the accident caused them personal

injury and naming as defendants Officer Booth and her employer, the City of New

Orleans. Ultimately, the case was set for trial on November 6, 2019.

On the morning of trial, the parties conferred outside of court and reached a

compromise.[2] The parties then read their compromise into the record as follows:

---

[1] Government Employees Insurance Company ("GEICO") also was named as a defendant in this
litigation but is not a party to this appeal.

[2] The parties use the term "settlement"; the legal term is "compromise." *See Cochennic v. City of
New Orleans Through Mosquito Control Unit of Health Dep't of City of New Orleans*, 98-0464
(La. App. 4 Cir. 11/10/98), 722 So. 2d 325, 327. (observing that "[t]he settlement [to end

1

[B]ased on the outside-of-court discussion between the parties, the City of New Orleans and Colette Booth have agreed to resolve any and all claims between them and plaintiffs Darlynn Alexius and Marlon Smith, which arise out of this litigation, in the amount of $25,000. Each party to bear their own cost.

Subsequently, the defendants submitted a proposed judgment that included not only the language of the compromise but also language dismissing the plaintiffs' claims with prejudice. In response, the plaintiffs filed a pleading styled a Motion to Sign Judgment which Conforms with the Consent Judgment Dictated into the Record and attached a proposed consent judgment that memorialized the terms of the compromise but did not include the dismissal language. The defendants opposed the motion. After a contradictory hearing, the trial court denied the plaintiffs' motion and signed the defendants' proposed judgment, dismissing the plaintiffs' claims with prejudice. This appeal followed.

## DISCUSSION

A compromise is "a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship." La. C.C. art. 3071. A compromise may be made in two ways: it may be made in writing; or it may be recited in open court, in which case the recitation must be susceptible of being transcribed from the record of the proceedings. La. C.C. art. 3702. When a compromise is recited in open court, this court has explained the appropriate procedure as follows:

> [T]he trial court may order a party to prepare and submit a consent judgment to the court for signature. La. C.C.P. art. 1916(B). A signed consent judgment simply reflects the mutual consent of the parties to the terms of the compromise; its binding force is derived

litigation] reached by the parties in this case is what is known in Louisiana law as a transaction or compromise").

2

from the voluntary acquiescence of the parties rather than from a judicial determination after a trial on the merits. *See Peeler v. Dural*, 06-936, p. 6 (La. App. 5 Cir. 4/11/07), 958 So.2d 31, 35. Notably, Louisiana law does not require that a compromise be reduced to writing in any specific form or in a judgment. *See Feingerts*, 12-1598, p. 11, 117 So.3d at 1301 (citing *Elder v. Elder & Elder Enterprises, Ltd.*, 06-0703, p. 4 (La. App. 4 Cir. 1/11/07), 948 So.2d 348, 351.)

*Morris, Lee & Bayle, LLC v. Macquet*, 14-1080, p. 15 (La. App. 4 Cir. 3/23/16), 192 So.3d 198, 209.

A trial court's judgment determining the existence, validity and scope of a compromise agreement depends on a finding of the parties' intent, which is an inherently factual finding. *Id.*, 14-1080, p. 14, 192 So.3d 198, 208. Thus, in reviewing the trial court's interpretation of a compromise agreement, we apply the manifest error/clearly wrong standard of review. *Id.*

In this case, after the parties recited their compromise into the record, the trial court ordered the defendants to submit a written judgment. Rather than submitting a consent judgment, however, the defendants submitted a judgment to which the plaintiffs objected. The plaintiffs objected on the ground, and now contend on appeal, that they did not agree to dismissal of their claims before the defendants fulfilled their payment obligation under the compromise. We agree.

Under the express terms of the compromise, the plaintiffs agreed to resolve their claims against the defendants in exchange for $25,000; they did not agree to involuntary dismissal of their claims before the defendants fulfilled their payment obligation under the compromise.[3] Accordingly, the trial court's finding that the defendants were entitled to a judgment dismissing the plaintiffs' claims before fulfilling their payment obligation was manifestly erroneous.

---

[3] We note that, although this case was compromised more than a year ago, the defendants still have not fulfilled their payment obligation.

## DECREE

For the foregoing reasons, the trial court's judgment is vacated; and the case is remanded.

**VACATED AND REMANDED**