**BARRY BERNADAS C/O**
**BELLA ZOYA PROPERTIES**

**VERSUS**

**NATASHA EDET**

*     NO. 2024-CA-0418

* 

*     COURT OF APPEAL

* 

*     FOURTH CIRCUIT

* 

     STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
SECOND CITY COURT OF NEW ORLEANS
NO. 2023-01947-S, "D"
Honorable Ernestine Lillie Anderson-Trahan
* * * * * *
**Judge Rachael D. Johnson**
* * * * * *

(Court composed of Chief Judge Roland L. Belsome, Judge Rachael D. Johnson,
Judge Nakisha Ervin-Knott)


Barry Bernadas
Zoya Properties
4545 MacArthur Blvd., Office
New Orleans, LA 70131


       PLAINTIFF/APPELLEE

David Holman Williams
Jack Muse
SOUTHEAST LOUISIANA LEGAL SERVICES
1340 Poydras Street, Suite 600
New Orleans, LA 70112--2401


       COUNSEL FOR DEFENDANT/APPELLANT

             **AFFIRMED IN PART; VACATED IN PART**
               **February 26, 2025**

*RDJ*
*RLB*
*NEK*

Appellant, Natasha Edet ("Ms. Edet"), appeals the Second City Court's amended consent judgment that includes an order that Ms. Edet vacate 4545 MacArthur Boulevard, Apartment 37, New Orleans, Louisiana, 70131 by January 5, 2024. For the following reasons, we affirm the consent judgment rendered in open court on December 18, 2023. However, we vacate the court's January 16, 2024 amended consent judgment.

## FACTS AND PROCEDURAL HISTORY

On December 6, 2023, Pro Se Appellee, Barry Bernadas ("Mr. Bernadas"), representing Bella Zoya Properties, filed a rule for possession against Ms. Edet, seeking possession of 4545 MacArthur Boulevard, Apartment 37, New Orleans, Louisiana, 70131 ("Apartment 37"). The Rule for Possession alleged that Ms. Edet had not paid $900 in rent. Mr. Bernadas also asserted that Ms. Edet owed $58 in late fees, $221.50 in court costs, and a $25 trash fee. In total, the amount owed was $1,204.50.

The hearing on the Rule for Possession was held on December 18, 2023. During the hearing, Mr. Bernadas and Ms. Edet agreed that she would pay $831 by December 22, 2023, to satisfy her debt. The parties also discussed a January 5,

1

2024 move out date. A written consent judgment was read, rendered, and signed in open court by the presiding judge on December 18, 2023. The parties did not sign the consent judgment. The consent judgment reads as follows:

> When, after hearing the law and evidence, the Court considering the law and evidence to be in favor of plaintiff in rule and against defendant in rule, for the reasons orally assigned:

> It is ordered, adjudged and decreed that the rule herein taken be made absolute, and accordingly, there be judgment in favor of Barry Bernadas C/O Bella Zoya Properties plaintiff in rule, against Natasha Edet defendant in rule and occupants, condemning said defendants to $831 by December 22, 2023, 2 p.m. Premises at 4545 Macarthur Boulevard, Apt 37 New Orleans, LA, Rule Executory.

On December 22, 2023, Ms. Edet paid Mr. Bernadas $854 to satisfy the $831 payment ordered in the consent judgment. On January 11, 2024, Mr. Bernadas posted a Warrant for Possession of Premises on Ms. Edet's apartment door. As a result of the Warrant for Possession, the parties returned to court on January 12, 2024, for an eviction hearing. At the hearing, Mr. Bernadas was ordered to show cause why Ms. Edet should be evicted from Apartment 37.

During the January 12, 2024 hearing, the parties disagreed about whether the consent judgment included Ms. Edet leaving the property on January 5, 2024. Ms. Edet contended that she and Mr. Bernadas made a separate agreement outside of court. She alleged that they agreed she would pay Mr. Bernadas an additional $900 to continue living in Apartment 37 during the month of January. Ms. Edet paid Mr. Bernadas $500 on December 29, 2023, and $400 on January 5, 2024. Mr. Bernadas argued that the $900 Ms. Edet paid was not a payment for January's rent but

2

instead a payment to satisfy the previous debt and late fees. There was no evidence of a separate lease agreement between the parties. The only evidence offered at the hearing was a ledger showing the Cash App payments of $900 and an email, read in open court, showing a tentative payment schedule made to satisfy a January rent payment and late fees.

After reviewing the December 18, 2023 record, the presiding judge found that the omission of the January 5, 2024 move out date in the written consent judgment was done in error. Further, the judge determined that any additional agreement between the parties made outside of court would not be considered in the current proceeding. Also, the alleged agreement would not supersede her judgment and would be considered a "totally separate suit" that Ms. Edet would have to file separately. On January 16, 2024, the presiding judge amended the written consent judgment to include the January 5, 2024 move out date. This timely appeal followed.

On appeal, Ms. Edet raises the following assignments of error: (1) Second City Court erred as a matter of law in issuing, over the objection of a party, a supposed amended consent judgment to authorize Ms. Edet's eviction, which did not reflect the terms that had been recited on the record on December 18, 2023; and (2) if the trial court found that the December 18, 2023 consent agreement did not include all terms that would have been essential to one of the parties, it erred in failing to rescind the agreement.

## STANDARD OF REVIEW

When reviewing a city court's interpretation of a compromise agreement and whether it is valid, we apply a manifest error/clearly erroneous standard of review.

*Morris, Lee & Bayle, LLC v. Macquet*, 14-1080, p. 14 (La. App. 4 Cir. 3/23/16), 192 So. 3d 198, 208 (citations omitted). "The trial court's judgment determining the existence, validity and scope of a compromise agreement depends on a finding of the parties' intent, which is an inherently factual finding." *Id.* (citations omitted).

## DISCUSSION

Ms. Edet first argues that the agreement made in open court on December 18, 2023, rather than the written consent agreement signed by the presiding judge, is the actual binding agreement made between the parties. Ms. Edet further argues that the terms of the agreement in open court made no mention of a January 5, 2024 move out date, and the written consent judgment accurately portrays the terms made on the record on December 18, 2023. Lastly, Ms. Edet argues that the judge did not have the authority to amend the consent judgment to include the January 5, 2024 move out date without both parties' consent. After review of the law and record, we find that the presiding judge correctly determined the scope of the agreement between the parties. The consent judgment recited in open court reflected the agreement between the parties, and it included a January 5, 2024 move out date. However, the amended consent judgment is invalid and without effect and should be vacated.

This Court has recognized that a consent judgment is deemed the same as a compromise agreement and can be a final enforceable judgment under Louisiana law. *Macquet*, 14-1080, p. 14, 192 So. 3d at 208. La. C.C. art. 3071 defines a compromise as "a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or

4

other legal relationship." La. C.C. art. 3072 governs the formal requirements to implement a compromise agreement, stating that "[a] compromise shall be made in writing or recited in open court, in which case the recitation shall be susceptible of being transcribed from the record of the proceedings." "The requirement that the compromise be in writing or recited in open court and susceptible of being transcribed from the record aims at avoiding litigation over what the terms of the settlement are." *Macquet*, 14-1080, p. 17, 192 So. 3d at 210 (citation omitted) (internal quotations omitted). According to La. C.C.P. art. 1916(B), when parties reach a compromise agreement that is recited in open court and capable of being transcribed, "the court may order counsel for a party to prepare and submit a judgment to the court for signature…." A consent judgment has binding force from the presumed voluntary acquiescence of the parties and not from adjudication by the trial court." *Peeler v. Dural*, 06-936, p. 6 (La. App. 5 Cir. 4/11/07), 958 So. 2d 31, 35. "A compromise agreement recited on the record in open court will be treated as though it is a written contract, conferring upon each party the right of judicial enforcement of performance of the agreement even though the substance may later be written in a more convenient form." *Macquet*, 14-1080, p. 16, 192 So. 3d at 209 (citing *Trahan v. Coca Cola Bottling Co. United, Inc.*, 04–0100, p. 10 (La. 3/2/05), 894 So. 2d 1096, 1104; *Sileo v. Berger*, 11-0295, p. 9 (La. App. 4 Cir. 9/28/11), 74 So. 3d 753, 759).

The two essential elements of a compromise are "(1) mutual intention of preventing or putting an end to the litigation, and (2) reciprocal concessions of the parties to adjust their differences." *Trahan*, 04-0100, p. 10, 894 So. 2d at 1104; La. C.C. art. 3071. For a written compromise agreement to be enforceable, "the written

5

agreement must be signed by both parties [or their agents], obligating both to do what they have agreed on." *Sullivan v. Sullivan*, 95-2122, p. 4 (La. 4/8/96), 671 So. 2d 315, 317 (citation omitted). To determine whether a compromise recited in open court is enforceable, we rely on extrinsic evidence. When parties have a written compromise, the meaning and intent of the parties are "ordinarily determined from the instrument's four corners, and extrinsic evidence is inadmissible either to explain or to contradict the instrument's terms." *Ortego v. State, Dep't of Transp. & Dev.*, 96-1322, p. 7 (La. 2/25/97), 689 So. 2d 1358, 1363 (citations omitted). However, if the dispute pertains to the scope of the compromise agreement, "extrinsic evidence can be considered to determine exactly what differences the parties intended to settle." *Id*. at p. 7, 689 So. 2d at 1363-64 (citations omitted).

In the case *sub judice*, it is undisputed that both parties had a mutual intention to end the litigation, and reciprocal concessions were made in court on December 18, 2023. During the December 18, 2023 hearing, the presiding judge stated: "Let's try to make it work and get the full amount [sic] you can move on the 5th by morning, by consent. So those are the two things that were working." The two terms the judge considered were (1) the amount due to Mr. Bernadas on December 22, 2023, by 2:00 p.m. and (2) Ms. Edet's move out date of January 5, 2024. The judge mentioned a January 5, 2024 move out date on several occasions, and there were no objections lodged on the record regarding the move out date. Further, Ms. Edet's counsel stated that Ms. Edet would be able to pay the $831 amount and "be ready to be out of there by January." They went on to discuss that if Ms. Edet would pay the $831 by December 22, 2023, at 2:00 p.m., Mr. Bernadas would not seek a warrant to evict Ms. Edet. The judge then reiterated that if Ms.

6

Edet failed to make the payment by the due date and time, then Mr. Bernadas would be able to contact the court to facilitate an eviction. Again, both parties made concessions to end the litigation. Mr. Bernadas agreed to receive $831, which was only a portion of the $1,204.50 owed. And, Ms. Edet agreed to only pay a portion of the total amount she owed and to move out of Apartment 37 by January 5, 2024.

To determine whether a compromise made in writing or recited in open court is enforceable, we consider whether the formal requirements outlined in La. C.C. art 3072 were followed. In *Macquet*, this Court found that the written consent judgment did not qualify as a valid, enforceable compromise because it was not signed by both parties. 14-1080, p. 19, 192 So. 3d at 211. Instead, the *Macquet* Court found that the compromise agreement recited in open court reflected the intent of the parties regarding the terms of the compromise. *Id*. at p. 20, 192 So. 3d at 211. The defendant fully satisfying the terms of the compromise agreement recited in open court further showed the intent of the parties and that the compromise agreement was valid and enforceable. *See id*.

We find the same happened in the case *sub judice*. The consent judgment made in writing after the December 18, 2023 hearing is not a valid, enforceable compromise agreement because neither party signed the agreement.[1] Only the

---

[1] It should be noted that if the original consent judgment was written and signed by both parties, the presiding judge would not be able to amend the judgment without consent from both parties pursuant to La. C.C.P. art. 1951. La. C.C.P. art. 1951 states the following:

> On motion of the court or any party, a final judgment may be amended at any time to alter the phraseology of the judgment or to correct deficiencies in the decretal language or errors of calculation. The judgment may be amended only after a hearing with notice to all parties, except that a hearing is not required if all parties consent or if the court or the party submitting the amended judgment certifies that it was provided to all parties at least five

judge's signature appears on the consent judgment. The record reflects that the parties agreed to Ms. Edet paying Mr. Bernadas $831 on December 22, 2023 by 2:00 p.m. and she would move out of Apartment 37 on January 5, 2024. That was the entirety of the agreement. The record from the January 12, 2024 hearing shows that Ms. Edet paid Mr. Bernadas $854 so that she would not be evicted from Apartment 37 on December 22, 2023. The record from the January 12, 2024 hearing also reflects that the parties discussed a tentative agreement for her to stay in Apartment 37 through the month of January. Whether the tentative agreement made outside of court is enforceable and whether the $900 payments made to Mr. Bernadas were for January rent is not properly before this court. We cannot consider whether that agreement would supersede the compromise made in open court on December 18, 2023. However, the parties having negotiated a January 2024 rent agreement showed that both parties, during the December 18, 2023 hearing, intended to have the compromise reflect a January 5, 2024 move out date. Extrinsic evidence shows that the compromise agreement made in open court is valid and enforceable.

Finding that the consent agreement entered on the record on December 18, 2023 is valid and enforceable, there was no need for the presiding judge to enter an amended consent judgment to reflect the January 5, 2024 move out date. As such, we find that the amended consent agreement should be vacated, as it is without effect. Finding that the amended consent judgment should be vacated, Ms. Edet's second assignment of error is moot.

---

days before the amendment and that no opposition has been received. A final judgment may not be amended under this Article to change its substance.

## **DECREE**

For the foregoing reasons, we affirm the consent agreement made in open court on December 18, 2023. We find that the consent agreement made in open court on December 18, 2023 is binding and that Ms. Edet had a move out date of January 5, 2024. Further, we vacate the amended written January 16, 2024 consent judgment.

**AFFIRMED IN PART; VACATED IN PART**